No. **CR 10 00827** HRL

*SEALED BY ORDER OF COURT*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

THE UNITED STATES OF AMERICA

vs.

ZHIQIANG ZHANG, a/k/a Michael Zhang,
XIAODONG LIANG, and
YANMIN LI,

**FILED 2010 NOV 10 P 5:43**
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT

## INDICTMENT

| | |
|---|---|
| **COUNT ONE:** | 18 U.S.C. § 1832(a)(5) - Conspiracy; |
| **COUNTS TWO and THREE:** | 18 U.S.C. § 1832(a)(3) - Possession of Stolen Trade Secrets; |
| **COUNT FOUR:** | 18 U.S.C. §§ 2314 and 2 - Foreign Transportation of Stolen Property |

*A true bill.*



*Foreperson*

Filed in open court this __10th__ day of __November__

A.D. 2010

_____
*United States Magistrate Judge*

Bail. $ No Bail Arrest Warrants

1  MELINDA HAAG (CABN 132612)
   United States Attorney
2
   Attorney for Plaintiff
3
   SEALED BY ORDER
4  OF THE COURT

   FILED
   2010 NOV 10 P 5: 43
   RICHARD W. WIEKING
   CLERK, U.S. DISTRICT COURT
   N.D. OF CA. S.J.

8              UNITED STATES DISTRICT COURT
9              NORTHERN DISTRICT OF CALIFORNIA
10                    SAN JOSE DIVISION

   CR 10 - 00827 LHK HRL

11 | UNITED STATES OF AMERICA,      ) No.
12 |         Plaintiff,             ) VIOLATIONS: 18 U.S.C. § 1832(a)(5) -
                                    ) Conspiracy; 18 U.S.C. § 1832(a)(3) -
13 |     v.                         ) Possession of Stolen Trade Secrets; 18
                                    ) U.S.C. §§ 2314 and 2 - Foreign
14 | ZHIQIANG ZHANG                 ) Transportation of Stolen Property; 18 U.S.C.
   |    a/k/a Michael Zhang,        ) § 1834 - Trade Secrets Forfeiture; 18 U.S.C.
15 | XIAODONG LIANG, and            ) § 981(a)(1)(C) and 28 U.S.C. § 2461(c) -
   | YANMIN LI,                     ) Forfeiture of ITSP Proceeds
16 |                                )
17 |         Defendants.            )
                                    ) SAN JOSE VENUE
18 |_____   )

19                    I N D I C T M E N T

20 The Grand Jury charges:

21              INTRODUCTORY ALLEGATIONS

22   1. At all times relevant to this indictment:

23      a.   SiRF Technology: SiRF Technology, Inc. (SiRF) was a publicly-traded company
24 whose business was focused on manufacturing a range of GPS (global positioning system)
25 chipsets and software for consumer navigation devices. SiRF's headquarters was in San Jose,
26 California. Among other products, SiRF designed and developed software source code known as
27 "SiRFstudio," and intended the software source code to be used as a platform for location-based
28 services and applications for mobile phones sold in interstate and foreign commerce. SiRF also

**INDICTMENT**

designed and developed software source code known as "SiRFLoc," and intended the software source code to be used as an aided global positioning system (A-GPS) to provide location-based services to wireless devices sold in interstate and foreign commerce. In June 2009, SiRF became a subsidiary of Cambridge Silicon Radio.

      b.      From approximately November 2002 until May 2009, defendant Zhiqiang Zhang (ZHANG) was employed at SiRF in San Jose, California. ZHANG was a Senior Software Engineer, and prior to resigning from the company in May 2009, he was the Director of Software Development. Defendant ZHANG was responsible for developing the SiRFstudio software source code.

      c.      From approximately April 2006 until June 2009, defendant Xiadong Liang (LIANG) was employed as a Software Engineer at SiRF in San Jose, California.

      d.      From approximately July 2006 until January 2010, defendant Yanmin Li (LI) was employed as a Senior Field Applications Engineer at SiRF in Beijing, China.

      e.      <u>Anywhere Logic</u>: In November 2000, ZHANG established Anywhere Logic, LLC, using his residence in Castro Valley, California, as the business address. In July 2005, ZHANG converted Anywhere Logic LLC to a corporation, Anywhere Logic, Inc., and maintained his residence as the corporate headquarters. In November 2008, ZHANG established Anywhere Logic USA, Inc., as a California corporation. In March 2009, ZHANG established Anywhere Logic International (HK) Limited in Hong Kong with Anywhere Logic International, Inc., a Cayman Islands company, listed as the director. Finally, in June 2009, ZHANG established Anywhere Logic (Beijing) Information Technology Co., Ltd. as a subsidiary of Anywhere Logic HK, and listed himself as the principal legal director.

      f.      <u>SiRFstudio and SiRFLoc</u>: SiRFstudio and SiRFLoc software source code were trade secrets of SiRF and were protected by SiRF as confidential and proprietary information. SiRF used a number of reasonable measures to protect SiRFstudio and SiRFLoc source code, including requiring all employees to sign non-disclosure agreements, maintaining a password-protected database (known as Perforce) to store software source code, and limiting access to the Perforce database to those who needed it to perform their employment duties.

COUNT ONE: (18 U.S.C. § 1832(a)(5) - Conspiracy)

2. The factual allegations contained in Paragraph One are realleged and incorporated herein as if set forth in full.

3. From an unknown date no later than early 2007 and continuing to in or about August 2009, in the Northern District of California and elsewhere, the defendants

ZHIQIANG ZHANG,
XIAODONG LIANG, and
YANMIN LI,

did knowingly conspire and agree with each other and other persons known and unknown to the grand jury to commit the following offenses,

    a.    With intent to convert a trade secret, that is related to or included in a product that is produced for or placed in interstate and foreign commerce, to the economic benefit of anyone other than the owner of the trade secret, and intending and knowing that the offense will injure any owner of that trade secret, knowingly and without authorization copies, duplicates, sketches, draws, photographs, downloads, uploads, alters, destroys, photocopies, replicates, transmits, delivers, sends, mails, communicates, and conveys such information, in violation of Title 18, United States Code, Section 1832(a)(2), and

    b.    With intent to convert a trade secret, that is related to or included in a product that is produced for or placed in interstate and foreign commerce, to the economic benefit of anyone other than the owner of the trade secret, and intending and knowing that the offense will injure any owner of that trade secret, knowingly receives, buys, and possesses such information, knowing the same to have been stolen and appropriated, obtained, and converted without authorization, in violation of Title 18, United States Code, Section 1832(a)(3).

## THE CONSPIRACY

4. The object of the conspiracy was for the defendants to transfer trade secrets owned by SiRF Technology to Anywhere Logic in order to enrich themselves and advance the business interests of Anywhere Logic by using the stolen trade secrets to develop and market location-based applications services in competition with SiRF.

//

## MANNER AND MEANS

5. In furtherance of the conspiracy, the defendants employed, among others, the following manner and means:

    a.    It was part of the conspiracy that defendant ZHANG established the corporate entities known as Anywhere Logic, Inc., Anywhere Logic International, Anywhere Logic, USA, Inc., Anywhere Logic Hong Kong, and Anywhere Logic Beijing in order to develop and sell location-based services utilizing trade secrets stolen from SiRF Technology.

    b.    It was further part of the conspiracy that ZHANG recruited SiRF employees, including defendants LI and LIANG, to work for Anywhere Logic while they were still employed by SiRF in order to obtain and incorporate SiRFstudio and SiRFLoc software source code into Anywhere Logic applications.

    c.    It was part of the conspiracy that ZHANG obtained at least one investor and attempted to recruit other investors in order to advance the interests of Anywhere Logic entities in the United States and the People's Republic of China.

## OVERT ACTS

6. In furtherance of the conspiracy and to achieve its objects, the defendants committed the following overt acts, among others, in the Northern District of California and elsewhere:

    a.    On or about September 19, 2008, ZHANG and LI communicated using Skype regarding the use of SiRFstudio software source code for Anywhere Logic. ZHANG instructed LI to "reuse SiRFstudio portable types and IOS ect as much as possible, change the naming. There isn't anything secret about those. No need to reinvent the wheel. Application and business logic are what we really differ."

    b.    On or about November 10, 2008, defendant ZHANG established Anywhere Logic, USA, Incorporated.

    c.    On or about January 16, 2009, defendant ZHANG downloaded SiRFstudio software source code from SiRF's Perforce database to his company-issued laptop.

    d.    On or about March 5, 2009, ZHANG established Anywhere Logic International (HK) Limited in Hong Kong.

e.  On or about April 2, 2009, defendant ZHANG downloaded SiRFstudio software source code from SiRF's Perforce database to his company-issued laptop.

f.  On or about June 4, 2009, ZHANG established Anywhere Logic Beijing Information Technology Company in China.

All in violation of Title 18, United States Code, Section 1832(a)(5).

COUNT TWO: (18 U.S.C. § 1832(a)(3) - Possession of Stolen Trade Secrets)

7. The factual allegations contained in Paragraphs One through Six above are realleged and incorporated herein as if set forth in full.

8. From a date no earlier than June 2008, until approximately in or about August 2009, in the Northern District of California, the defendant,

ZHIQIANG ZHANG,

with intent to convert a trade secret specifically, SiRFstudio and SiRFLoc software source code from SiRF Technology, specifically, SiRFstudio source code file "CellIdLogger.cpp," and SiRFLoc source code files "SiRFNIDriver.Dlg.cpp," and "SimpleRil.cpp," to the economic benefit of someone other than the owner thereof, where such trade secret was related to and included in a product that was produced for and placed in interstate and foreign commerce, did receive, buy, or possess such information, knowing that such information to have been stolen and appropriated, obtained, and converted without authorization, and intending and knowing that his possession and theft would injure SiRF Technology.

All in violation of Title 18, United States Code, Section 1832(a)(3).

COUNT THREE: (18 U.S.C. § 1832(a)(3) - Possession of Stolen Trade Secrets)

9. The factual allegations contained in Paragraphs One through Eight above are realleged and incorporated herein as if set forth in full.

10. From March 13, 2009, until approximately in or about June 2009, in the Northern District of California, the defendant,

XIAODONG LIANG,

with intent to convert a trade secret specifically, SiRFLoc software source code from SiRF Technology, specifically, a file named "AW_RIL.cpp," to the economic benefit of someone other

INDICTMENT                                        5

than the owner thereof, where such trade secret was related to and included in a product that was produced for and placed in interstate and foreign commerce, did receive, buy, and possess such information, knowing that such information to have been stolen or appropriated, obtained, and converted without authorization, and intending and knowing that his possession and theft would injure SiRF Technology.

All in violation of Title 18, United States Code, Section 1832(a)(3).

COUNT FOUR: (18 U.S.C. §§ 2314 and 2 - Foreign Transportation of Stolen Property)

11. The factual allegations contained in Paragraphs One through Ten above are realleged and incorporated herein as if set forth in full.

12. On September 19, 2008, in the Northern District of California and elsewhere, the defendants,

ZHIQIANG ZHANG, and
YANMIN LI,

did knowingly transport, transmit, and transfer in interstate and foreign commerce goods, wares, and merchandise of a value of more than $5,000, knowing them to have been stolen, converted and taken by fraud, specifically, by knowingly transmitting SiRFstudio software source code using Skype from California to the People's Republic of China.

All in violation of Title 18, United States Code, Sections 2314 and 2.

FORFEITURE ALLEGATION ONE: (18 U.S.C. § 1834 - Trade Secrets Forfeiture)

13. The factual allegations contained in Paragraphs One through Twelve above are realleged and incorporated herein as if set forth in full.

14. Upon conviction of any of the offenses alleged in Counts One through Three, the defendant,

ZHIQIANG ZHANG,

shall forfeit to the United States any property constituting or derived from any proceeds obtained directly or indirectly as a result of the commission of said offenses, and any property used, or intended to be used, in any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said violation, including but not limited to the

INDICTMENT                                6

following property: Dell laptop computer, model number PP25L, serial number 3N84VF1; Dell Power Edge SC430 Server, serial number GQ13Y91; white 2GB thumb drive; and gray and green 512M thumb drive.

All in violation of Title 18, United States Code, Section 1834.

<u>FORFEITURE ALLEGATION TWO</u>: (18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461(c) - Forfeiture of ITSP proceeds)

15. The factual allegations contained in Paragraphs One through Twelve above are realleged and incorporated herein as if set forth in full.

16. Upon conviction of the offense alleged in Count Four, the defendants,

ZHIQIANG ZHANG, and
YANMIN LI,

shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 2314.

18. If, as a result of any act or omission of the defendant, any of said property

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which, without difficulty cannot be subdivided;

any and all interest defendants have in any other property (not to exceed the value of the above forfeitable property) shall be forfeited to the United States, pursuant to Title 21, United States Code, Sections 853(a)(1) and (p) (as incorporated by Title 28, United States Code, Section 2461(c)).

Dated: 11/10/10

MELINDA HAAG
United States Attorney

MATTHEW A. PARRELLA
Chief, CHIP Unit

(Approved as to form: _____)

A TRUE BILL

IM Boma

Date: 11-10-10

INDICTMENT                                         7

AO 257 (Rev. 6/78)

SEALED BY ORDER OF THE COURT

FILED 2010 NOV 10 P 3:44 RICHARD W. WIEKING CLERK U.S. DISTRICT COURT

| **DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT** |
|---|

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☐ SUPERSEDING

**OFFENSE CHARGED**

18 U.S.C. § 1835(a) - Conspiracy; 18 U.S.C. § 1832(a)(3) - Possession of Stolen Trade Secrets; 18 U.S.C. § 2314 - Foreign Transportation of Stolen Property; 18 U.S.C. § 1834 - Trade Secrets Forfeiture; 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c) - Forfeiture of ITSP Proceeds

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY:
10 years imprisonment, $250,000 fine, 3 years supervised release and $100 special assessment.

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**
SAN JOSE DIVISION

DEFENDANT - U.S.
▶ ZHIQIANG ZHANG, a/k/a Michael Zhang

DISTRICT COURT NUMBER
**CR 10 00827 LHK**
HRL

---

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)
Secret Service Special Agent Brian Sevcheck

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form  **MELINDA HAGG**
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)  **SUSAN F. KNIGHT**

**DEFENDANT**

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction  } ☒ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT   Bail Amount: None

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:  Before Judge:

Comments:

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT ☐ SUPERSEDING

**OFFENSE CHARGED**

18 U.S.C. § 1835(a) - Conspiracy; 18 U.S.C. § 1832(a)(3) - Possession of Stolen Trade Secrets; 18 U.S.C. § 2314 - Foreign Transportation of Stolen Property; 18 U.S.C. § 1834 - Trade Secrets Forfeiture; 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c) - Forfeiture of ITSP Proceeds

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

**PENALTY:**
10 years imprisonment, $250,000 fine, 3 years supervised release and $100 special assessment.

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

SEALED BY ORDER OF THE COURT

2010 NOV 10 P 5: 46
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT

**DEFENDANT - U.S.**
XIAODONG LIANG

**DISTRICT COURT NUMBER**
CR 10 00827 LHK

HRL

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
Secret Service Special Agent Brian Sevcheck

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form    MELINDA HAGG
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    SUSAN F. KNIGHT

**DEFENDANT**

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding
1) ☒ If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction } ☒ Federal ☐ State
6) ☐ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No    If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year
Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT    Bail Amount: None

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:    Before Judge:

Comments:

AO 257 (Rev. 6/78)

SEALED BY ORDER OF THE COURT

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☐ SUPERSEDING

—— OFFENSE CHARGED ——

18 U.S.C. § 1835(a) - Conspiracy; 18 U.S.C. § 1832(a)(3) - Possession of Stolen Trade Secrets; 18 U.S.C. § 2314 - Foreign Transportation of Stolen Property; 18 U.S.C. § 1834 - Trade Secrets Forfeiture; 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c) - Forfeiture of ITSP Proceeds

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: 10 years imprisonment, $250,000 fine, 3 years supervised release and $100 special assessment.

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

—— DEFENDANT - U.S ——
▶ Yanmin Li

DISTRICT COURT NUMBER
CR 10  00827 LHK

FILED NOV 10 2010 P 5:45
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT

HRL

—— DEFENDANT ——

IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶ _____

—— PROCEEDING ——

Name of Complainant Agency, or Person (& Title, if any)
Secret Service Special Agent Brian Sevcheck

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form    MELINDA HAGG
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    SUSAN F. KNIGHT

2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☐ On this charge
5) ☐ On another conviction  } ☒ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No
If "Yes" give date filed _____

DATE OF ARREST ▶ Month/Day/Year _____
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year _____

☐ This report amends AO 257 previously submitted

—— ADDITIONAL INFORMATION OR COMMENTS ——

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT    Bail Amount: None

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____    Before Judge: _____

Comments: