Thomas J. Nolan (SBN 48413)
Nolan, Armstrong & Barton, LLP
600 University Avenue
Palo Alto, Ca. 94301
Tel.  (650) 326-2980  Fax (650) 326-9704

Counsel for Defendant Michael Zhang

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ZHIQIANG ZHANG, A/K/A MICHAEL ZHANG<br><br>　　　　　　Defendant. | Case No. CR 10-00827-LHK<br><br>**STIPULATION AND [PROPOSED] ORDER TO DECLARE COMPLEX PURSUANT TO 18 U.S.C. §3161(h)(7)(B)(ii).** |

　　　Defendant, Michael Zhang, by and through his attorney, Thomas J. Nolan, and the United States by and through its counsel, Assistant United States Attorney, Susan Knight, hereby stipulate to the following:

　　　1.　　Mr. Zhang is charged by way of indictment in this case with the following: Count One, Conspiracy, [18 U.S.C. § 1832(a)(5)]; Count Two, Possession of Stolen Trade Secrets [18 U.S.C. §1832(a)(3)]; and Count Four, Foreign Transportation of Stolen Property [18 U.S.C. §2314 and 2].

　　　2.　　This case involves a software company called SiRF Technology, Inc., which creates software for consumer navigation devices.  Mr. Zhang is a former employee of SiRF.

**STIPULATION AND [PROPOSED] ORDER TO DECLARE CASE COMPLEX PURSUANT TO 18 U.S.C. §3161(h) (7) (B) (ii)**
**CASE NO. CR 10-00827-LHK**

1

1    3.   The indictment alleges that Mr. Zhang created a company called Anywhere Logic
2 and further alleges that Anywhere Logic would compete with SiRF by creating navigation device
3 software.
4    4.   The indictment also alleges that Mr. Zhang used or intended to use SiRF's trade
5 secrets for Anywhere Logic.
6    5.   The purported trade secrets in this case are source code files.
7    6.   Defense counsel and counsel for the United States are informed and believe that
8 the litigation in this case will be extended and time consuming because of the nature of the
9 prosecution, and because this case involves novel questions of fact and law.
10    7.   Defense counsel's beliefs are based on his experience defending persons accused
11 of theft of trade secrets, including defending such persons at trial. Defense counsel has learned
12 that the nature of trade-secret theft prosecutions is that they are complex, time-consuming and
13 involve highly technical information.  Defense counsel believes that this case will be similarly
14 complex and time consuming.
15    8.   One reason this case will be extended and time consuming is because it involves a
16 non-party corporation as the alleged victim.  In defense counsel's experience, non-party
17 corporations such as SiRF often litigate subpoenas and requests for documents related to the
18 trade secret at issue in the criminal prosecution.  Such document requests are often necessary in
19 theft of trade secret cases because usually the non-party corporation who alleges its intellectual
20 property was stolen is the only party who possess the documents that can exculpate the accused.
21 For example, documents regarding the company confidentiality policies, the way the corporation
22 protects its intellectual property, how the corporation designates trade secrets as trade secrets,
23 and how the corporation communicates these designations to its employees are usually in the
24 exclusive custody of the corporation and could potentially exculpate someone accused of theft of
25 a trade secret. In defense counsel's experience, such document requests and subpoenas involve
26 protracted litigation.  Furthermore, the requests and subpoenas may lead to thousands of
27 documents produced which must be reviewed.
28 **STIPULATION AND [PROPOSED] ORDER TO DECLARE CASE COMPLEX PURSUANT TO 18 U.S.C. §3161(h) (7) (B) (ii)**
**CASE NO. CR 10-00827-LHK**          2

9. Another aspect of the prosecution that makes this case complex is that the alleged trade secret is source code. A major issue in this case will be whether the information that Mr. Zhang allegedly possessed was a trade secret. Because most laypersons are not familiar with source code or whether a particular type of source code is generally known or truly secret, defense counsel will have to locate and find experts who specialize in this area of software engineering. Moreover, defense counsel will need to find an expert who has experience in the Silicon Valley with navigation software code to mount a defense that this information is not secret. Defense counsel believes that it is difficult to find qualified experts who are also willing to testify against corporations and for the defense in a criminal trade secret case. Defense counsel believes that finding appropriate experts is time-consuming in cases such as this one.

10. Counsel therefore requests that this Court declare the case extended and complex pursuant to 18 U.S.C. §3161(h)(7)(B)(ii) because this case is unusual and complex due to the nature of the charges, the nature of the prosecution, and the existence of novel questions of fact and law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

IT IS SO STIPULATED.

| Dated: 1/3/11 | /s/<br>Thomas J. Nolan<br>NOLAN, ARMSTRONG & BARTON LLP<br>Attorneys for MICHAEL ZHANG |
| --- | --- |
| Dated: 1/3/11 | /s/<br>Susan Knight<br>Assistant United States Attorney |

**ORDER**
PURSUANT TO STIPULATION, IT IS SO ORDERED.

| Dated: 1/5/11 | *Lucy H. Koh*<br>Hon. Lucy H. Koh<br>United States District Judge |
| --- | --- |

**STIPULATION AND [PROPOSED] ORDER TO DECLARE CASE COMPLEX PURSUANT TO 18 U.S.C. §3161(h) (7) (B) (ii)**
**CASE NO. CR 10-00827-LHK**        3