**United States District Court**
For the Northern District of California

1          **\*\* E-filed January 23, 2012 \*\***

2

3

4

5

6

7                          NOT FOR CITATION

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11   UNITED STATES,                          No. CR 10-00827 LHK (HRL)

12              Plaintiff,                   **ORDER DENYING THIRD PARTY
                                              CSR'S MOTION TO QUASH AND**
13        v.                                 **SPECIFYING TIME OF
                                              PRODUCTION**
     ZHIQIANG ZHANG, aka MICHAEL
14   ZHANG; et al.,                          **[Re: Docket No. 28]**

15              Defendants.

16   _____/

17        The United States charges defendant Zhiqiang Zhang aka Michael Zhang ("Zhang" or

18   "defendant") and two co-defendants, Xiaodong Liang and Yanmin Li, with conspiring to steal the

19   trade secrets of their former employer, a company now named CSR Technology ("third party" or

20   "CSR"), in order to use those secrets on behalf of a competing company called Anywhere Logic.

21   Only Zhang has been arrested and charged; the other two defendants are fugitives.

22        On September 14, 2011, this court granted Zhang's first ex parte application for issuance of

23   a subpoena *duces tecum* on CSR. The subpoena sought material from the personnel files of 16

24   alleged current or former employees of CSR. Specifically, the subpoena requested "personnel

25   file[s], including salary, benefits, stock options (whether exercised or not, vested or not),

26   evaluations, promotions, disciplinary history, awards, and projects on which he [or she] has worked"

27   for each of the 16 individuals. Two of the 16 individuals are Zhang's co-defendants, Xiaodong

28   Liang and Yanmin Li. [One of the 16, Java Edison, is not a current or former employee of CSR and

1  was listed on the subpoena mistakenly. Defendant has conceded that CSR need not produce any

2  information connected to this fictitious person.]

3        Third party CSR moved to quash the subpoena, claiming that it violates the privacy rights of

4  the named employees and that compliance with it would be burdensome and oppressive. Zhang

5  opposed the motion. All of the moving papers filed in support of or opposition to the motion have

6  been filed under seal. Counsel for the government, the defendant, and third party CSR appeared for

7  hearing on January 5, 2012. During the hearing, the court excluded the prosecution and CSR's

8  counsel and closed the courtroom to hear why defendant sought the information listed in the

9  subpoena.

10        LEGAL STANDARD

11        Rule 17(c) of the Federal Rules of Criminal Procedure provides that a subpoena may

12  command the person to whom it is directed to produce the books, papers, documents or other

13  objects designated therein. The court on motion made promptly may quash or modify the subpoena

14  "if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). "Rule 17(c) was

15  not intended to provide an additional means of discovery. Its chief innovation was to expedite the

16  trial by providing a time and place before trial for the inspection of the subpoenaed materials."

17  Bowman Dairy Co. v. United States, 341 U.S. 214, 220 (1951).

18        When seeking leave to issue a subpoena *duces tecum*, the moving party must establish good

19  cause by "'clear[ing] three hurdles: (1) relevancy; (2) admissibility; (3) specificity.'" United States

20  v. Layton, 90 F.R.D. at 516 (quoting United States v. Nixon, 418 U.S. 683, 700 (1974)).  A court

21  must reconsider the Nixon factors when a movant seeking to quash the subpoena claims that

22  compliance will be unreasonable or oppressive. United States v. Wells 2005 WL 3822883, *3 (E.D.

23  Cal. Dec. 20, 2005).

24        DISCUSSION

25        1.  Relevance

26         First, the court must consider whether the material sought has "any tendency to make the

27  existence of any fact that is of consequence to the determination of the action more probable or less

28  probable than it would be without the evidence." Fed. R. Evid. 401. As a result of its closed-court

_**United States District Court**
For the Northern District of California

2

**United States District Court**
For the Northern District of California

1  conversation with defense counsel, the court is satisfied that at least some of the information sought

2  by Zhang is relevant as defined by Fed. R. Evid. 401. The personnel files are Xiaodong Liang and

3  Yanmin Li are relevant now. The personnel files for the remaining 13 CSR employees may become

4  relevant should those employees be called as witnesses at trial.

5      2.  Admissibility

6      Once the court has determined that material sought is relevant, it must ask whether the

7  material would be admissible. "This inquiry is largely governed by the Federal Rules of Evidence.

8  <u>See, e.g.</u>, Fed. R. Evid. 401-415, 801-807. Because it is often difficult at the pretrial stage "to

9  determine with precision the admissibility of certain documents . . . if a document is arguably

10  relevant and admissible under the Rules of Evidence, the <u>Nixon</u> 'evidentiary' requirement is likely

11  satisfied." <u>Id.</u>

12      The court finds that the personnel files of Xiaodong Liang and Yanmin Li (or some portions

13  of them) are arguably admissible under the Rules. The 13 remaining personnel files, or portions

14  thereof, may become admissible if and when those individuals are actually named as government

15  witnesses, or when they actually testify.

16      3.  Specificity

17      Defendant's subpoena *duces tecum* expressly requests documents pertaining to "salary,

18  benefits, stock options, evaluations, promotions, disciplinary history, awards, and projects on which

19  [each individual] has worked." A subpoena *duces tecum* will meet the specificity requirement, even

20  if it does not "describe fully" the information sought, if there is a "sufficient likelihood," based on

21  rational inferences, that the information sought is both relevant and admissible. <u>See</u> <u>Nixon</u>, 418 U.S.

22  at 700; <u>Libby</u>, 432 F. Supp. 2d at 31. The undersigned concludes that Zhang's subpoena is

23  sufficiently specific. It seeks discrete documents and types of documents. It does not seek medical

24  or health related information, and CSR should not produce such information.

25      CONCLUSION

26      Based on the moving papers, arguments presented at hearing, and applicable authority, the

27  court DENIES CSR's motion to quash. CSR shall, within 14 days, produce the subpoenaed

28  materials about Zhang's two co-defendants, Xiaodong Liang and Yanmin Li. Further, CSR shall

lodge the information sought for the remaining 13 individuals with the court under seal. No disclosure of the lodged material shall be made except, perhaps, as to those individuals the government identifies as witnesses to testify at trial. As to those, the trial court shall determine if and when and to what extent the lodged material may be disclosed the defense.

**IT IS SO ORDERED.**

Dated: January 23, 2012

_____

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**United States District Court**
For the Northern District of California

4

**C10-00827 Notice will be electronically mailed to:**

| | |
|---|---|
| Thomas Nolan | tnolan@nablaw.com |
| Michael Haven | mike.haven@klgates.com |
| Patrick Salceda | patrick.salceda@klgates.com |
| Susan Knight | Susan.Knight@usdoj.gov |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

United States District Court
For the Northern District of California

5