Thomas J. Nolan (SBN: 48413)
Shira Kieval (SBN: 269409)

**Nolan, Armstrong & Barton, LLP**

600 University Ave. \ Palo Alto, Ca. 94301
Tel.  (650) 326-2980  Fax (650) 326-9704

Attorneys for Defendant
Zhiqiang Zhang

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>ZHIQIANG ZHANG,<br><br>          Defendant. | No. CR 10-00827 LHK<br><br>**DEFENDANT ZHANG'S STATUS CONFERENCE REPORT**<br><br>Date:       Wednesday, June 20, 2012<br>Time:       9:00 a.m.<br>Location:  Courtroom 8 |

At the status conference held on April 18, 2012, the Court expressed concern about the pace with which this case is proceeding and indicated a desire to set a trial date at the upcoming status conference on Wednesday, June 20, 2012. Mr. Zhang is prepared for the Court to set a trial date at this time. Additionally, Mr. Zhang presents this report to update the Court regarding the progress that has been made since the April 18 hearing, and inform the Court of possible motions to dismiss to be filed before trial, as well as a possible motion based on the new U.S. Supreme Court cases about the duties of defense counsel during the plea bargain process.

**I.      Subpoenas duces tecum**

As of the last status conference, Mr. Zhang had filed three applications for subpoenas duces tecum to be issued to SiRF (now known as CSR), the alleged victim in this case. SiRF had filed a motion to quash the first subpoena, which Magistrate Judge Lloyd ruled on, and had

1  entered into partial agreements with Mr. Zhang regarding compliance with the second and third
2  subpoena. At that time, issues remained as to the proper procedure for production (or not) of
3  potentially privileged documents, and as to whether SiRF needed to identify a custodian of records
4  who would be able to authenticate the documents produced and testify regarding the company's
5  search. Additionally, while SiRF did not challenge the second or third subpoena, and defense
6  counsel had conferred with SiRF and limited the scope of the requests considerably, SiRF had
7  produced only some documents responsive to the second subpoena, and no documents responsive
8  to the third subpoena.

9  Since that time, defense counsel and counsel for SiRF have conferred by telephone
10 approximately nine times, and another conference call is scheduled to occur before the June 20
11 court date. The parties reached an agreement that SiRF would produce the potentially privileged
12 documents directly to the Magistrate Judge for him to review in camera, which has now happened.
13 The parties reached an agreement that SiRF will provide the defense with the name of a custodian
14 of records some number of weeks before trial. SiRF has also produced nearly 70,000 documents
15 responsive to the third subpoena, additional documents responsive to the second and third
16 subpoenas, and two harddrives containing (respectively and approximately) 32 gigabytes and 35
17 gigabytes of information. Defense counsel is endeavoring to review as many of these documents
18 and files as possible to determine whether any discovery is still outstanding from the second and
19 third subpoenas.

20 Additionally, Mr. Zhang has served a fourth subpoena duces tecum on SiRF, with a return
21 date of July 5, 2012. The parties have begun to discuss this subpoena and defense counsel
22 anticipates that an agreement will be reached regarding the scope of production and timing for
23 production without the involvement of the Court.

24 As stated above, Mr. Zhang is prepared to set a trial date at this time. However, it is
25 important to note that an incredible number of man hours remain to be devoted to examining the
26 discovery provided to date by SiRF. Additionally, while Mr. Zhang does not have any more
27 subpoena applications pending, it is possible that defense counsel will uncover information in the
28 discovery provided by SiRF that will lead to the filing of additional subpoenas in this case.

**DEFENDANT ZHANG'S STATUS CONFERENCE REPORT**
*United States v. Zhang*, CR 10-00827 LHK

## II. Possible motions to dismiss counts

Mr. Zhang has contacted the U.S. Attorney's Office with regard to the possible dismissal of Count Four of the indictment. The count charges Mr. Zhang and Yanmin Li with violation of the National Stolen Property Act (18 U.S.C. sections 2314 and 2) for acts relating to the possible transmission of computer code between the United States and China. However, the Second Circuit recently held in *United States v. Aleynikov*, 676 F.3d 71 (2nd Cir. 2012), "that the theft and subsequent interstate transmission of purely intangible property is beyond the scope of the NSPA." *Id.* at 77. Case law from the First, Seventh, and Tenth Circuits, and the U.S. Supreme Court, support this conclusion. Mr. Zhang has requested that the U.S. Attorney's Office voluntarily dismiss this count. It is defense counsel's understanding that the government will make a decision about this request before the June 20 hearing. If the U.S. Attorney's Office does not voluntarily dismiss the count, Mr. Zhang will file a motion to dismiss.

Mr. Zhang also anticipates filing a motion to dismiss count two of the indictment, which charges Mr. Zhang with possession of a stolen trade secret in violation of 18 U.S.C. § 1832(a)(3). It is Mr. Zhang's position that Section 1832's definition of trade secrets is unconstitutionally vague as applied to Mr. Zhang and the conduct alleged in the second count of the indictment. *See United States v. Hsu*, 40 F. Supp. 2d 623 (E.D. Pa. 1999) (denying motion to dismiss despite being "much troubled by the [Economic Espionage Act]'s vaporous terms," because of direct evidence that defendant believed information to be secret, and because charge was for "inchoate offenses of attempt and conspiracy"). Mr. Zhang is in the process of retaining the assistance of an expert to assist with this motion and hopes to be prepared to file within six weeks. Mr. Zhang will contact the Court to request a hearing date closer to that time.

## III. Possible motion regarding valuation

In *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 132 S. Ct. 1399 (2012), the U.S. Supreme Court made clear that a criminal defense attorney's Sixth Amendment obligations to his client extend to the plea bargain stage. A defense attorney is obligated to provide complete and accurate advice regarding the consequences of accepting a plea offer, as

well as the consequences of rejecting the plea offer. Perhaps the most critical piece of information that a defendant wants and deserves to know is the amount of prison time he faces if he pleas, and the amount of prison time he faces if he goes to trial.

In the case of crimes relating to the theft of trade secrets, the sentence can range from probation to ten years incarceration. The recommended Guidelines sentence can range from probation to well over the statutory maximum of ten years incarceration (even for someone with no criminal history whatsoever, like Mr. Zhang), depending on the "loss value." In this case, SiRF informed Mr. Zhang before bringing this case to the attention of the U.S. Attorney's Office that it believed Mr. Zhang stole six million dollars worth of software code. If that is true, then the recommended Guidelines sentence is upwards of five years in prison. In contrast, it is the defense's position that any code that Mr. Zhang possessed or conspired to posses (as he is charged) that is even arguably a trade secret is of negligible value; that SiRF suffered no actual loss; that Mr. Zhang had no actual gain; and that Mr. Zhang should be eligible for probation even if he loses at trial. The U.S. Attorney's Office has not yet responded to defense counsel's inquiry as to the U.S. Attorney's Office's valuation of the code.

Defense counsel is left in an impossible position. How to advise Mr. Zhang about any plea offer that comes from the U.S. Attorney's Office? Assuming there is some agreement as to loss value in the plea offer, it will be a simple matter to explain the Guidelines calculation for the plea. But what about the consequences of rejecting the offer? There is no loss value alleged in the indictment. It is not even clear what method the Court would use to value loss. According to the Guidelines, loss value can me actual loss or intended loss, and in the case of trade secrets, loss can mean cost of development of the trade secret or reduction in value of the trade secret. *See* U.S.S.G. § 2B1.1, Commentary, Application Note 3(C)(ii) (2009). These differences are of critical importance in this case, where SiRF claims to have spent six million dollars developing a complete computer program; the indictment only charges Mr. Zhang with possession and conspiring to take very select portions of that program; and the defense had not received evidence that would prove that the computer program discussed in the indictment was ever worth any

**DEFENDANT ZHANG'S STATUS CONFERENCE REPORT**
*United States v. Zhang*, CR 10-00827 LHK

money to SiRF on the market, or that Mr. Zhang's actions caused any actual loss in the value to SiRF of the complete computer program.

The defense's options are limited. The defense cannot force the U.S. Attorney's Office to allege a loss figure in the indictment, or require that it prove the loss figure to a jury, given the statutory maximum sentence in this case. But without any reliable indication, <u>before trial</u>, as to whether the loss figure is $0 or $6 million, or somewhere in between, Mr. Zhang cannot receive adequate advice from counsel regarding plea offers, a key constitutional right now recognized by the Supreme Court. Mr. Zhang requests guidance from the Court as to how to proceed, and also wishes to inform the Court that it may be necessary to file a motion before trial to ensure that his Sixth Amendment rights are adequately protected.

                                        Respectfully submitted,

                                        NOLAN, ARMSTRONG & BARTON, LLP

Dated: June 15, 2012                           /s/
                                        _____
                                        Thomas J. Nolan
                                        Shira Kieval
                                          Attorneys for Defendant
                                          Zhiqiang Zhang

**DEFENDANT ZHANG'S STATUS CONFERENCE REPORT**
*United States v. Zhang*, CR 10-00827 LHK