Thomas J. Nolan (SBN: 48413)
Shira Kieval (SBN: 269409)

Nolan, Armstrong & Barton, LLP

600 University Ave. \ Palo Alto, Ca. 94301
Tel.  (650) 326-2980  Fax (650) 326-9704

Attorneys for Defendant
Zhiqiang Zhang

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>ZHIQIANG ZHANG,<br><br>        Defendant. | No. CR 10-00827 LHK<br><br>**DEFENDANT ZHANG'S STATUS CONFERENCE REPORT**<br><br>Date:      Wednesday, August 29, 2012<br>Time:      9:00 a.m.<br>Location:  Courtroom 8 |

The parties last met for a status conference in this case on June 20, 2012. At that time, the Court set a trial date of January 11, 2013. The Court also set a date for a subsequent status conference and motions hearing of August 29, 2012. And the parties discussed possible motions that would be briefed two weeks in advance of that date.

Mr. Zhang presents this report to update the Court regarding the progress that has been made since that June 20, 2012 hearing, and also to inform the Court of possible issues that may arise between now and the trial.

### I.    Issues regarding experts

At the last status conference, counsel for Mr. Zhang discussed difficulties that he was having locating a local expert to analyze computer code at issue in this case; potential problems

**DEFENDANT ZHANG'S STATUS CONFERENCE REPORT**
*United States v. Zhang*, CR 10-00827 LHK

1

with the restrictions imposed by the protective order; and difficulties fulfilling his Sixth Amendment duty to advise Mr. Zhang during plea negotiations, given the prosecution's exceptionally high estimate of a loss figure,[1] which could be solved by the Court's appointment of a neutral damages experts.

### A. Progress since June

Since the last status conference, the parties have made the following progress. First, Mr. Zhang has located an expert to analyze the code, but he does not have the funds available to him to pay for the expert fees. Mr. Zhang has applied ex parte and under seal for CJA funds for these ancillary services. That motion is pending before the Court. Second, the parties reached an agreement to amend the protective order to allow for materials labeled "confidential" to be sent to experts who are out of district. The protective order has been so amended, with respect to discovery provided directly by the government. However, according to Assistant U.S. Attorney Susan Knight, SiRF has objected to this amendment and was not willing to stipulate to have the amendment apply to materials labeled "confidential" that were provided by SiRF in response to Mr. Zhang's subpoenas. Third, the parties were not able to reach agreement regarding a court-appointed damages expert. A defense motion regarding such an appointment is pending before this Court, to be heard on the same day as the status conference.

---

[1] At the time of the last status conference, the only loss estimate that had been provided to Mr. Zhang was a $6 million figure presented by SiRF, the alleged victim. The Court ordered the prosecution to provide Mr. Zhang with a loss figure by July 6, 2012. The prosecution provided Mr. Zhang with a loss figure that falls in the same sentencing guidelines range as the $6 million figure that had been provided before.

At the same time, SiRF provided Mr. Zhang with 192 printed pages of spreadsheets, marked "confidential," that are apparently their loss valuation documents. The spreadsheets extend from anywhere from one to six to nine or more pages that are divided along both the x and y axes. Many appear to be expense reports, from at least seven different departments, that are not organized chronologically or by department. It is not clear whether these departments were focused exclusively on the development of SiRFstudio or SiRFloc, and it is not clear where exactly the $7.7 million and $4.4 million figures come from. No index or explanatory document is provided. It is not clear from the documents what cutoff date is used to value the source code.

**DEFENDANT ZHANG'S STATUS CONFERENCE REPORT**
*United States v. Zhang*, CR 10-00827 LHK

2

### B. Anticipated issues moving forward

Moving forward, defense counsel anticipates the following issues to arise regarding experts.

#### i. Defense counsel and experts' examination of the code

First, it appears that Mr. Zhang is charged in Count One with conspiring to copy or possess two sections of source code developed by SiRF while Mr. Zhang worked for SiRF as a software engineer (which the prosecution calls "SiRFloc" and "SiRFstudio").  According to the prosecution, these two sections of source code consist of tens of million of lines of code.  Also according to the prosecution, two of the overt acts alleged in the indictment consist of Mr. Zhang purportedly downloading 144,000 files and over 60 million lines of code.  The prosecution has not yet made any of this code available to Mr. Zhang, although Ms. Knight has indicated that she will do so.

Mr. Zhang anticipates that he will need the financial assistance of the Court to hire an expert to analyze the code.  However, until the prosecution proposes a time, place, and manner for such an analysis, Mr. Zhang is unable to determine whether the expert he has already found will be able to do this work, and he is unable to apply for CJA funding from the court.

Additionally, counsel is concerned about not having received any confirmation about what code will be made available, when, and how.  Mr. Zhang suggests setting a deadline by which the process for such viewing will be finalized, and another deadline by which Mr. Zhang's experts will in fact be permitted to examine the code.  No testimony should be admitted at trial about any code that the defense was not timely permitted to examine according to that schedule.

#### ii. Identification of prosecution experts and related discovery

Second, defense counsel anticipates that problems will arise with respect to the identification of prosecution experts, expert discovery, and expert testimony at trial.  It is defense counsel's experience that in past Economic Espionage Act trials, members of the U.S. Attorney's Office have not called independent experts, but instead have chosen to rely on the testimony of

current employees of alleged victim companies.  While there is not a per se problem with choosing not to call an outside expert, questions arise about the status of the company employee witnesses.

It is defense counsel's experience that the U.S. Attorney's Office will treat the employees as lay witnesses for almost all purposes, but will still attempt to elicit opinions based on specialized knowledge without ever having identified the employee as an expert, provided Rule 16(a)(1)(G) discovery, or qualified the witness as an expert.  In past cases with this U.S. Attorney's Office, prosecutors have attempted to ask lay witnesses their opinion as to whether a company took "reasonable" steps to protect certain technology; and even whether certain technology was a trade secret.  It is defense counsel's position that Rule 701 of the Federal Rules of Evidence prohibits the prosecution from asking a lay witness his opinion as to these issues.  *See* Fed. R. Evid. 701 ("If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: . . . not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.").

Defense counsel recognizes that it may be premature to raise this issue at this time. Defense counsel wrote to Ms. Knight on April 26, 2012, requesting Rule 16(a)(1)(G) discovery. Ms. Knight has indicated that she does not intend to call an independent expert.  Rather, she intends to rely on the testimony of SiRF employee Steve Chang.  It is not clear from conversation with Ms. Knight whether she intends to treat Mr. Chang as an expert, and it is not clear whether Ms. Knight intends to elicit opinions from him based on specialized knowledge.  Ms. Knight has not, however, provided any Rule 16(a)(1)(G) discovery in response to defense counsel's April 26 discovery request.  It is defense counsel's intent to file a motion in limine to prohibit any opinion testimony based on specialized knowledge by anyone who is not testifying as an expert.  But defense counsel wishes to alert the Court of this potential problem now in case the Court prefers to proceed a different way on this issue.

## II.     Dismissal of counts and bill of particulars

At the last status hearing, defense counsel discussed the possibility of filing a motion to dismiss Count Two of the indictment (possession of trade secrets) and Count Four of the

1  indictment (transportation of stolen property).  Since that time, the prosecution has voluntarily
2  dismissed Count Four.  As explained in previous filings, it is the defense's position that Section
3  1832's definition of trade secrets is unconstitutionally vague as applied to Mr. Zhang and the
4  conduct alleged in the second count of the indictment.  *See United States v. Hsu*, 40 F. Supp. 2d
5  623 (E.D. Pa. 1999) (denying motion to dismiss despite being "much troubled by the [Economic
6  Espionage Act]'s vaporous terms," because of direct evidence that defendant believed information
7  to be secret, and because charge was for "inchoate offenses of attempt and conspiracy").  As
8  discussed above, Mr. Zhang was not able to prepare a motion to dismiss Count Two of the
9  indictment in time for the August 29 hearing date, as he is in need of expert assistance.  It has
10 taken Mr. Zhang longer than anticipated to locate an expert to assist him, and currently he is
11 awaiting approval of his ex parte request for CJA funding for this ancillary service.  He anticipates
12 being able to file a motion to dismiss within three weeks of approval of his funding request.

13         Moving forward, defense counsel anticipates the following additional issue to arise.  Count
14 One of the indictment charges Mr. Zhang with conspiracy to copy or possess trade secrets.  The
15 indictment does not clearly identify what trade secrets were the object of the alleged conspiracy.
16 On June 20, 2012, counsel wrote a letter to Ms. Knight requesting clarification with regard to the
17 prosecutions position as to what exactly constitutes the alleged trade secret.  The letter also asked
18 Ms. Knight to clarify whether or not she will argue to the jury that some portion of the 60 million
19 lines of code allegedly downloaded in furtherance of the conspiracy are trade secrets, and if so to
20 identify which portion she will argue are trade secrets.  Defense counsel then met with Ms. Knight
21 in person on July 18, 2012, to discuss various issues in this case.  One of the issues discussed was
22 the lack of clarity in Count One.  At that time, Ms. Knight indicated that the prosecution was
23 seeking a superseding indictment to correct an error in Count Two, and she agreed at the same
24 time to clarify the indictment with respect to Count One.  Ms. Knight has estimated that she will
25 be able to obtain a superseding indictment shortly after this status conference.

26         Mr. Zhang anticipates that, even if Ms. Knight clarifies the language of Count One, the
27 indictment will still remain unclear.  Assuming that counsel for Mr. Zhang is still unable to
28 determine what the prosecution is alleging to be the trade secret that was the object of the alleged

**DEFENDANT ZHANG'S STATUS CONFERENCE REPORT**
*United States v. Zhang*, CR 10-00827 LHK

conspiracy, Mr. Zhang will still need to file a motion to dismiss and for a bill of particulars with regard to that count. However, it does not make sense to file such a motion before a superseding indictment is issued (assuming it is issued), because such a motion would likely be mooted or at the very least would need to be rebriefed.

### III.     Discovery issues

There are several discovery issues pending before Magistrate Judge Lloyd in this case. They do not require any action by the Court at this time.

Subpoena duces tecum four required SiRF to product <u>internal</u> documents regarding SiRF communications with government agents in this case. SiRF has claimed attorney client privilege with respect to each responsive document. Per agreement of the parties, SiRF lodged these documents with Magistrate Judge Lloyd. Mr. Zhang has filed a motion for release of these documents, which is scheduled to be heard by Magistrate Judge Lloyd on Thursday, September 13, 2012.

Subpoena duces tecum five has a return date of September 13, 2012. It requires SiRF to produce SiRF emails sent to or by Michael Zhang during a nearly two-year period; as well as Skype conversations involving Mr. Zhang during a subset of the time period that were gathered by SiRF during its preliminary investigation of Mr. Zhang.

In May 2012, Mr. Zhang made a discovery request to the government from <u>external</u> communications between SiRF and government agents in this case, as well as <u>internal</u> government documents regarding such communications. The U.S. Attorney's Office has determined that none of the requested materials are discoverable before trial. Mr. Zhang has filed a motion to compel discovery with regard to these documents, which is scheduled to be heard by Magistrate Judge Lloyd on Thursday, September 13, 2012.

Mr. Zhang has also applied for the issuance of a sixth subpoena duces tecum, requesting from SiRF <u>external</u> communications between SiRF and government agents in this case.[2]  The return date on the proposed subpoena is listed as September 27, 2012.

Respectfully submitted,

NOLAN, ARMSTRONG & BARTON, LLP

Dated:  August 27, 2012

/s/
_____
Thomas J. Nolan
Shira Kieval
Attorneys for Defendant
Zhiqiang Zhang

---

[2] Counsel filed a subpoena application on August 16, 2012.  On August 24, 2012, counsel was contacted by the clerk's office.  All of the lodged and filed documents had been lost except for the proposed order.  Per the request of the clerk's office, counsel mailed new copies of the other parts of the subpoena application to the clerk's office that day for refiling.

**DEFENDANT ZHANG'S STATUS CONFERENCE REPORT**
*United States v. Zhang*, CR 10-00827 LHK