Shira Kieval (SBN: 269409)
Thomas J. Nolan (SBN: 48413)

Nolan, Armstrong & Barton, LLP

600 University Ave. \ Palo Alto, Ca. 94301
Tel.  (650) 326-2980  Fax (650) 326-9704

Attorney for Defendant
Zhiqiang Zhang

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>      v.<br><br>ZHIQIANG ZHANG,<br><br>             Defendant. | No. CR 10-00827 LHK<br><br>**STIPULATION AND [PROPOSED] ORDER CONTINUING HEARING DATE AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT**<br><br>Before the Honorable Lucy H. Koh |

The undersigned parties respectfully request that the status hearing currently scheduled for December 5, 2012 be continued to January 23, 2012.  On October 4, 2012, a first settlement conference was held in front of the Honorable Judge Ronald Whyte.  On October 22, 2012, undersigned counsel met in person for further discussion of a resolution in this case.  The parties continued to discuss resolution informally, and then appeared for a second settlement conference in front of the Honorable Judge Ronald Whyte on November 21, 2012.

On Friday, November 30, 2012, undersigned counsel for the United States sent undersigned defense counsel a proposed superseding information and proposed plea agreement. The proposed superseding information contains a new charge that did not appear in the original indictment.  Defense counsel requires additional time to investigate the specific factual basis for

this charge.  Additionally, defense counsel requires additional time to research the possible civil liabilities that might arise from entrance into this plea agreement, and to continue to work with third-party SiRF to mitigate these liabilities.  *See Lafler v. Cooper*, 132 S.Ct. 1376 (2012); *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010).

The parties are continuing to work together in good faith to resolve this case and anticipate reaching a resolution.  Defense counsel is also working together with counsel for third-party SiRF to attempt to mitigate any civil liabilities that might arise as a result of moving forward with the plea agreement.  Defense counsel anticipates reaching a resolution with third-party SiRF as well.

However, as discussed above, defense counsel requires additional time to investigate the factual basis for the charge in the proposed superseding information, and additional time to mitigate the potential civil liabilities.  Therefore, the parties request an exclusion of time under the Speedy Trial Act.  The parties agree and stipulate that an exclusion of time is appropriate based on defendant's need for effective preparation of counsel.  18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv).  Furthermore, the parties stipulate and agree that an exclusion of time is appropriate because the case is complex due to the nature of the charges.  18 U.S.C. § 3161(h)(7)(B)(ii).

SO STIPULATED:

NOLAN, ARMSTRONG & BARTON, LLP

Dated:  December 3, 2012

/s/
_____
Shira Kieval
Thomas J. Nolan
Attorney for Defendant
Zhiqiang Zhang

**STIPULATION AND [PROPOSED] ORDER**
*United States v. Zhiqiang Zhang*, **CR 10-00827 LHK**

MELINDA HAAG
United States Attorney

Dated:  December 3, 2012

/s/
_____
Susan Knight
Assistant United States Attorney

**ORDER**

Accordingly, for good cause shown, the Court HEREBY ORDERS that the status appearance in <u>United States v. Zhang</u>, CR 10-00827 LHK, scheduled for December 5, 2012 is continued to January 23, 2012 at 9:00 a.m.

The Court FURTHER ORDERS that time be excluded under the Speedy Trial Act from December 5, 2012 through January 23, 2012.  The Court finds, based on the aforementioned reasons, that the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy trial.  The failure to grant the requested continuance would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and would result in a miscarriage of justice.  The Court therefore concludes that this exclusion of time should be made under 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv).  The Court also finds due to the complicated nature of the charges, time shall be excluded pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii).

SO ORDERED.

Dated: 12/3/12

_____
LUCY H. KOH
United States District Judge

**STIPULATION AND [<s>PROPOSED</s>] ORDER**
*United States v. Zhiqiang Zhang*, **CR 10-00827 LHK**

3