Shira Kieval (SBN: 269409)
Thomas J. Nolan (SBN: 48413)

**Nolan, Armstrong & Barton, LLP**

600 University Ave. \ Palo Alto, Ca. 94301
Tel.  (650) 326-2980  Fax (650) 326-9704

Attorneys for Defendant
Zhiqiang Zhang

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ZHIQIANG ZHANG, <br><br> Defendant. | No. CR 10-00827 LHK <br><br> **STIPULATION AND [PROPOSED] ORDER CONTINUING HEARING DATE AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT** <br><br> Before the Honorable Lucy H. Koh |

The undersigned parties respectfully request that the status hearing currently scheduled for January 23, 2013, be continued to April 17, 2013 for change of plea.  The parties do not anticipate requesting any additional continuances in this matter.

The parties have reached a tentative resolution in this case.  Specifically, the parties have negotiated a plea agreement under Rule 11(c)(1)(C) that is contingent upon Mr. Zhang participating in a debriefing with the Government and SiRF/CSR regarding the proprietary information at issue in the case.

The agreement in principal is complex and was reached after several months of good faith negotiations.  The parties have participated in two settlement conferences with the Honorable

**STIPULATION AND [PROPOSED] ORDER**
*United States v. Zhiqiang Zhang*, **CR 10-00827 LHK**

Judge Ronald Whyte, on October 4 and November 21, 2012.  Third-party SiRF/CSR was present for both conferences.  It was anticipated on November 21 that more settlement conferences might be needed, and Judge Whyte has retained jurisdiction to supervise the settlement process.

Between these conferences and since, the parties have met regularly, conferred regularly, and been actively engaged in settlement negotiations. As part of these negotiations, defense counsel has investigated the specific factual basis for a new charge contained in a proposed Superseding Information and proposed plea agreement.  The parties have exchanged factual information and evidence to assist counsel for the Government and Mr. Zhang.  Defense counsel has investigated possible civil liabilities that might arise from entrance into the proposed plea agreement, and worked to mitigate such liabilities.

Through one or more proffer sessions, the parties will continue to exchange factual information and evidence.  The parties anticipate completing this debriefing and reaching a final agreement on or before April 17, 2013.  In addition, defense counsel anticipates reaching a resolution with third-party SiRF/CSR by April 17th.

The parties estimate that 55 days remain under the Speedy Trial Act.

The parties require approximately 90 days in order hold the proffer sessions at which they will exchange the factual information and evidence required to resolve this case.  Additionally, defense counsel requires this time to continue to work with third-party SiRF/CSR to mitigate the possible civil liabilities that might arise from Mr. Zhang accepting the plea agreement.  The requested continuance is necessary for the effective preparation of counsel, and to afford Mr. Zhang an opportunity to cooperate with the Government in order to obtain the proposed plea agreement.  Furthermore, defense counsel needs the time to adequately advice Mr. Zhang regarding the proposed plea agreement.  *See Lafler v. Cooper*, 132 S.Ct. 1376 (2012); *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010).

**STIPULATION AND [PROPOSED] ORDER**
*United States v. Zhiqiang Zhang*, **CR 10-00827 LHK**
2

Therefore, having worked diligently to this point, the parties request an exclusion of time under the Speedy Trial Act. The parties agree and stipulate that an exclusion of time is appropriate based on the need for effective preparation of counsel, 18 U.S.C. §§ 3161(h)(7)(A) & (B)(iv), and because the case is complex due to the nature of the charges, 18 U.S.C. § 3161(h)(7)(B)(ii). The parties stipulate and agree that an exclusion of time is also appropriate because otherwise it would be impossible to continue this proceeding for a sufficient amount of time, and a miscarriage of justice would likely result. 18 U.S.C. § 3161(h)(7)(B)(i).

SO STIPULATED:

NOLAN, ARMSTRONG & BARTON, LLP

Dated: January 14, 2013

/s/
_____
Shira Kieval
Thomas J. Nolan
Attorneys for Defendant Zhiqiang Zhang


MELINDA HAAG
United States Attorney

Dated: January 14, 2013

/s/
_____
Susan Knight
Assistant United States Attorney


**ATTESTATION PER CIV. L.R. 5-1(i)(3)**

I, Shira Kieval, have permission from ECF User Thomas J. Nolan to use the ID and password being used to file this Stipulation. In compliance Civ. L.R. 5-1(i)(3), I hereby attest that Susan Knight has concurred with this filing.

## ORDER

Accordingly, for good cause shown, the Court HEREBY ORDERS that the status appearance in <u>United States v. Zhang</u>, CR 10-00827 LHK, scheduled for January 23, 2013, is continued to April 17, 2013, at 9:00 a.m.

The Court FURTHER ORDERS that time be excluded under the Speedy Trial Act from January 23, 2013 through April 17, 2013. The Court finds, based on the aforementioned reasons, that the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy trial. The failure to grant the requested continuance would deny counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and would result in a miscarriage of justice. The Court therefore concludes that this exclusion of time should be made under 18 U.S.C. §§ 3161(h)(7)(A), (B)(i), and (B)(iv). The Court also finds due to the complicated nature of the charges, time shall be excluded pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii).

IT IS SO ORDERED.

Dated: 11/15/13

_____
HON. LUCY H. KOH
United States District Court Judge

**STIPULATION AND [PROPOSED] ORDER**
*United States v. Zhiqiang Zhang*, **CR 10-00827 LHK**

4